IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERAMY WIEDERRICK<br>and<br>CASSANDRA MORGAN<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>ALLIED INTERSTATE, INC.<br><br>　　　　Defendant. | Civil Action No.<br><br>Arbitration |

## COMPLAINT

1. This is an action for damages brought by the individual consumer, Olivia Jacob, against Defendant, Allied Interstate, Inc. for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiffs Jeramy Wiederrick is an adult individual residing in 5901 Coffeen Ave. Space 33, Sheridan, WY 82801.

5. Plaintiffs Cassandra Morgan is an adult individual residing in 5901 Coffeen Ave. Space 33, Sheridan, WY 82801.

6. Defendant Allied Interstate, Inc. is a business entity which regularly conducts business in the Eastern District of Pennsylvania, with its principal office located at 3000 Corporate Exchange Drive, Columbus, Ohio 43231. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

1. At all pertinent times hereto, Defendant was hired to collect a debt owed by "Suzanne Stuart" (hereafter the "debt").

2. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

3. At all times material and relevant hereto, Plaintiffs did not owe the debt and has never been legally obligated to pay the debt.

4. In or around January 12, 2011, Defendant began contacting Plaintiffs at their place of residence by an automated, prerecorded message in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. During its automated prerecorded message, Defendant stated that it was calling for "Suzanne Stuart".

5. In or around January 2011, Plaintiffs attempted to contact Defendant to advise that debt did not belong to Plaintiffs. Plaintiffs dialed the number left on their answering machine by Defendant and reached an automated recording that requested their reference number. Plaintiffs entered the reference number left by Defendant on their answering machine. Plaintiffs reached another automated message that requested Plaintiffs to "press 1" if they were Suzanne Stuart and that if Plaintiffs were not this person to "press 4." When Plaintiffs pressed 4, the phone call told them to contact them for help at their website.

6. Notwithstanding the above, in or around January 2012, Plaintiffs received daily calls to their place of residence by an automated, prerecorded message in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

7. Notwithstanding the above, in or around early February, 2012, Plaintiffs received daily calls to their place of residence by an automated, prerecorded message in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

8. Defendants acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer for the purpose of acquiring anything other than location information about the consumer.

9. Defendants acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the debt and disclosing the debt to that person.

10. Defendants acted in a false, deceptive, misleading and unfair manner by communicating with any other person than the consumer on more than one occasion.

11. Defendants acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer in connection with the collection of any debt.

12. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring repeatedly with the intent to annoy, abuse, or harass any person at the called number.

13. Defendants acted in a false, deceptive, misleading and unfair manner by falsely representing the character, amount, or legal status of any debt.

14. Defendant acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

15. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

16. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

19. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to injury to Plaintiffs' reputation, invasion of privacy, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - VIOLATIONS OF THE FDCPA

7. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

9. Plaintiffs is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

10. The above contacts between Defendant and Plaintiffs were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

11. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1692d(5), 1692e(2)(A), 1692e(10), and 1692f as evidenced by the following conduct:

   (a) Communicating with persons other than the consumer about information other than consumer's location;

   (b) Disclosing the debt to persons other than the consumer;

   (c) Communicating with persons other than the consumer on more than one occasion;

   (d) Communicating with persons other than the debtor without the debtor's consent;

   (e) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

   (f) Falsely representing the character, amount, or legal status of any debt; and

   (g) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt.

12. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the alleged debt.

13. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMAND

14. Plaintiffs demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that relief be granted as follows:

(a) actual damages;

(b) statutory damages;

(c) costs and reasonable attorney's fees; and

(d) other and further relief as may be just and proper.


Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
  MARK D. MAILMAN, ESQUIRE
  ERIN A. NOVAK, ESQUIRE
  Land Title Building, 19th Floor
  100 South Broad Street
  Philadelphia, PA 19110
  (215) 735-8600
  Attorneys for Plaintiffs

DATE: July 5, 2012